# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Coozie Britton, Jr., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 2:15-cv-96 |
| | ) **REPORT & RECOMMENDATION** |
| Walmart Stores East, LP, | ) |
| Defendant. | ) |

Plaintiff Coozie Britton, Jr. (Britton) filed a pro se suit alleging employment discrimination against Walmart Stores East, LP (Walmart). Walmart moves to dismiss, asserting that venue is improper, that Britton failed to serve Walmart within the required time period, and that the complaint fails to state a cognizable claim. Britton has not responded, and the time to do so has expired.

## Summary

This court concludes that Britton served Walmart within the extended time period allowed by the court, so the motion to dismiss should not be granted on that basis. However, the court further concludes that, even liberally construing the complaint, venue in North Dakota is not proper, and Britton has not sufficiently pled the required elements for a discrimination claim. Thus, this court recommends that Walmart's motion to dismiss be granted.

## Facts

Britton's suit relates to alleged age, sex, disability, and racial discrimination. Britton claims he applied for a "stocker[] position" at two Walmart stores in Tennessee, but he "was never called for an interview . . . after having submitted at least four job applications." (Doc. #22, pp. 5-6). Britton states he filed charges of discrimination with

the Equal Employment Opportunity Commission (EEOC) against Walmart, and he takes issue with various statements allegedly made by the EEOC in a letter "dismissing my complaint." Id. at 5.

First, Britton alleges that the EEOC noted Walmart understood his claim to be "that you should have been automatically selected for a position." Id. Britton asserts "that statement . . . is not factual and is not supported by the record." Id.

Next, Britton claims that, while completing Walmart's applications, he "sought . . . assistance . . . because the computer kept deleting the information that I was putting into it." Id. However, Britton alleges that the EEOC stated he "needed assistance with the computer as you were not familiar with the process to fill out the application." Id. Britton likewise claims that statement "is not a fact." Id.

Also, Britton alleges that the EEOC's letter stated "on your application there was no place for you to disclose your age, race, sex, or disability." Id. at 6. Britton claims that the "Walmart application for a job does have a place where one can indicate race, although it was voluntary. The form ask[s] if on[e] receives disability compensation from the military. . . . I think that the application asks directly or indirectly when one was born." Id. at 6. He adds that, "if that form was not filled out correctly, it was not my fault but the fault of [the individual] who assisted me in filling out the form." Id.

Additionally, Britton claims that the EEOC's letter stated that "evidence revealed the individual selected [for the job] w[as] not less qualified." Id. at 7. He asserts that statement "impl[ies] that Walmart can tell without interviewing a person that he is not qualified." Id. Britton notes he has a high school diploma and asks, "What is Walmart's standard for the job[?]" Id. He adds that the EEOC's letter also stated he was not

qualified for the position. Id. Britton asks, "Is not 20 years of working in that area for the federal government sufficient to qualify me?" Id.

Finally, Britton claims the EEOC's letter stated that, although Britton was not selected for the stocker position, a "lesser qualified person not of [Britton's] class was not selected." Id. He questions how, if the application form did not—as the EEOC allegedly stated—request information regarding "race, color, sex, or age," Walmart could "know that the person hired was of a class different from mine." Id. Britton states he does "not believe that Walmart's records have been properly examined by a team that has the required expertise." Id. at 8.

Britton initially filed his complaint on October 16, 2015.[1] (Doc. #1). On February 29, 2016, the court issued an order requiring Britton to show cause why his case should not be dismissed because he had not yet served Walmart. (Doc. #19). On March 22, 2016, in responding to the court's order to show cause, Britton filed an amended complaint that is nearly identical to the initial complaint, except that it includes a page—containing the case heading and a statement of the court's jurisdiction—which was missing from the initial complaint. (See Doc. #20-1; see also Doc. #22). However, with that response, Britton did not file a certificate or waiver of service as to Walmart, nor did he provide sufficient reason for his failure to serve Walmart.

The court then issued a second order to show cause, allowing Britton until April 29, 2016, to properly serve Walmart with the summons and a copy of his amended

---

[1] Britton's initial complaint also named "EEOC, Nashville Area Office" as a defendant. After the EEOC moved to dismiss, (Doc. #11), Britton filed a notice of voluntary dismissal as to that defendant, (Doc. #15). The district judge then dismissed the EEOC. (Doc. #16).

complaint, to file a waiver of service, or to show cause why service had not been completed. (Doc. #21). On April 27, 2016, Britton filed a letter with the court, stating he had contacted a process server to effect service on Walmart. (Doc. #25). On May 9, 2016, the process server filed proof of service, stating Walmart had been served on April 28, 2016, with the summons and amended complaint. (Doc. #27).

Walmart now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12. (Doc. #32). Walmart contends dismissal is appropriate because (1) venue is improper, (2) Britton did not serve Walmart within 120 days of filing his complaint, and (3) Britton has failed to state a cognizable claim. Id. Britton has not responded to that motion, and his time to do so has expired.

## Discussion

This court begins its analysis by noting that pleadings filed by pro se litigants must be liberally construed and are held to less stringent standards than are pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberally construed, the court determines that Britton's pleadings assert claims against Walmart arising under Title VII of the Civil Rights Act. See generally 42 U.S.C. §§ 2000e et seq.

This court then considers Walmart's motion to dismiss pursuant to Federal Rule of Civil Procedure 12.[2]

---

[2] Under Civil Local Rule 7.1(F), "[a]n adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." While Walmart's motion to dismiss could be granted under that rule, this court will nonetheless consider—because Britton is proceeding pro se—whether the motion should be granted pursuant to Federal Rule of Civil Procedure 12.

4

1.  **Improper Venue**

Walmart first claims that dismissal is required because venue is improper. (Doc. #33, p. 2).

A claim must be dismissed if venue is improper. Fed. R. Civ. P. 12(b)(3); see also, e.g., Graham Constr. Servs., Inc. v. Hammer & Steel, Inc., No. 4:11-cv-020, 2011 WL 3236083, at *2 (D.N.D. July 27, 2011). While venue in civil actions is generally governed by 28 U.S.C. § 1391, Title VII includes the following specific venue provision:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. <u>Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice</u>, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (emphasis added). Under that statute, venue for Title VII claims is proper in any of the following judicial districts: (1) where the unlawful employment practice was allegedly committed; (2) where the employment records relating to that practice are maintained and administered; or (3) where the aggrieved person would have worked if not for the alleged unlawful employment practice. Id.

Britton alleges that the alleged unlawful employment practice was committed in Tennessee. (See Doc. #22, p. 5). Although Britton does not address where the relevant employment records are maintained and administered, Walmart asserts those records are located in Tennessee and Arkansas. (Doc. #33, p. 3). Further, because Britton completed applications at Walmart stores in Tennessee, he apparently would have

5

worked in Tennessee but for the alleged unlawful employment practice. Therefore, Britton does not allege any facts that would allow the court to determine, even under a liberal construction of the complaint, that venue in North Dakota is proper. Accordingly, this court concludes that, since venue is improper, Walmart's motion to dismiss pursuant to Rule 12(b)(3) should be granted. The motion could be granted on that basis alone, but—because Britton is proceeding pro se and in the interest of justice—this court will consider Walmart's alternative arguments for dismissal.

2.  **Service**

Walmart next contends that its motion to dismiss should be granted pursuant to Rule 12(b)(5) because Britton failed to serve Walmart within 120 days[3] of filing his initial complaint. (Doc. #33, p. 4). However, as discussed above, the court issued two orders to show cause that extended Britton's deadline to complete service or to show why service had not been completed. (Doc. #19; Doc. #21). The second order to show cause extended that deadline to April 29, 2016. (Doc. #21, p. 2).

Prior to the April 29, 2016 deadline, Britton filed a letter, in which he advised the court that he had contacted a process server to serve Walmart's corporate office. (Doc. #25). While the process server's proof of service on Walmart was not filed until May 9, 2016, that document states that Walmart was served on April 28, 2016. (Doc. #27). Thus, this court concludes that, because Britton effectuated service on Walmart before

---

[3] When Britton initially filed his complaint, the Federal Rules of Civil Procedure required service within 120 days—rather than 90 days, as currently required—after filing the complaint. Fed. R. Civ. P. 4(m) (prior to Dec. 1, 2015 amendment).

the April 29, 2016 deadline, dismissal under Rule 12(b)(5) is not warranted.[4]

3.  **Failure to State a Claim**

Walmart finally argues that its motion to dismiss should be granted under Rule 12(b)(6) because Britton's complaint fails to state a claim for discrimination. (Doc. #33, p. 5). A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555. A court must determine whether the facts in a complaint "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In other words, the pleadings must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

In ruling on a Rule 12(b)(6) motion, the court accepts factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. Bohan v. Honeywell Int'l, Inc., 366 F.3d 606, 608 (8th Cir. 2004). While a court must accept factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are

---

[4] Walmart cites another case filed by Britton in this district, in which the court granted defendant's motion to dismiss on various grounds, including insufficient service. See Britton v. Houston Cty. Dep't of Educ., D.N.D. Case No. 2:15-cv-43, Doc. #16, Doc. #17. While the court in that case granted the motion on the various grounds asserted (including insufficient service), Britton there "fully agree[d] . . . that my case should be dismissed with prejudice." Id. at Doc. #15. He has not done so in the instant case, and this court therefore analyzes each of Walmart's asserted grounds for dismissal, rather than simply recommending, as Walmart urges, "dismiss[ing] this matter as it did in" the other case.

insufficient to state a facially plausible claim. Iqbal, 556 U.S. at 678. The facts in a complaint must be sufficient to give defendants fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 555.

To state a prima facie case of discrimination, Britton must show (1) that he belongs to a protected class, (2) that he applied and was qualified for a job for which Walmart was seeking applicants, (3) that, despite his qualifications, he was rejected, and (4) that, after his rejection, the position remained open and Walmart continued to seek applicants from people with Britton's qualifications. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Torgerson v. City of Rochester, 643 F.3d 1031, 1046 (8th Cir. 2011).

Even liberally construing the complaint, this court cannot conclude that Britton has sufficiently pled each of the four required elements for a prima facie discrimination claim. Britton states he "charg[ed] age, sex, disability, and race" discrimination in his EEOC complaint. (Doc. #22, p. 5). Britton further states that "the Walmart application for a job does have a place where one can indicate race, although it was voluntary." Id. at 6. Yet, he does not state that he identified his race on his applications. Likewise, while he claims he is "entitled to 30% compensable disability from the U.S. Air Force," id., he does not allege that he provided that information on his applications. Moreover, Britton alleges, "I think that the application asks directly or indirectly when one was born," id., but he does not allege that he stated either when he was born or his age on the applications. Additionally, Britton does not state whether he disclosed his sex on his applications. In other words, Britton does not allege that he provided any information regarding his age, sex, disability status, or race on the job applications at issue—nor does

he allege that Walmart had knowledge of any such information.

Moreover, Britton does not claim that Walmart hired lesser qualified individuals for the positions for which he applied. Rather, he notes twice that the EEOC stated the individuals selected were <u>not</u> less qualified than him. Id. at 7. Britton then asks what the "standard for the job" is and if his qualifications meet that standard. Id. His conclusory allegations of age, sex, disability, and racial discrimination are insufficient to state a facially plausible claim. See Iqbal, 556 U.S. at 678. Because Britton has not sufficiently pled the necessary elements for a discrimination claim, Walmart's motion to dismiss pursuant to Rule 12(b)(6) should be granted.

## Conclusion

For the reasons discussed above, it is **RECOMMENDED** that Walmart's motion to dismiss, (Doc. #32), be **GRANTED** and that Britton's suit be **DISMISSED** without prejudice.

Dated this 22nd day of July, 2016.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Federal Rule of Civil Procedure Rule 72(a) and (b) and District of North Dakota Civil Local Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **August 5, 2016**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.